**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 3:21-cr-00380-L-1 |
| | § | |
| IVOR JALLAH (1) | § | |

## DEFENDANT IVOR JALLAH'S MOTION TO DISMISS INDICTMENT

TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendant IVOR JALLAH ("Defendant" or "Jallah") moves the Court for an Order dismissing the Indictment for failure to state an offense as follows:

### I.
### INTRODUCTION

The Indictment against Defendant must be dismissed because—as a matter of law—it does not state an offense against Defendant. In this regard, the Indictment's sole count for violation of 18 U.S.C. § 922(a)(6)[1] alleges that Defendant, in connection with the attempted acquisition of a firearm, knowingly made a false written statement "as to a fact material to the lawfulness of such sale of the said firearm to [Defendant]," in that he falsely stated that he was not under indictment for a felony. Yet, under the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), the prohibition against acquisition of firearms by persons under indictment, as set forth in § 922(n), is facially unconstitutional. Therefore, Defendant's statement regarding whether he was under indictment cannot—as a matter of law—be "a fact *material* to the *lawfulness*" of the sale of a firearm, and cannot give rise to an offense under § 922(a)(6).

---

[1] Unless noted otherwise, all further statutory references are to Title 18 of the United States Code.

## II.
## FACTUAL BACKGROUND

On or about July 19, 2021, Defendant was charged by way of a Complaint for alleged violation of § 922(a)(6). Dkt. 1. In particular, the Complaint alleged that "on July 14, 2021, JALLAH attempted to purchase a firearm at Ray's Sporting Goods" in Dallas, Texas; and that "[i]n connection with the attempted purchase, JALLAH completed a Firearms Transaction Record (ATF Form 4473)" in which he stated that he was not under indictment for a felony—even though he had been indicted for health care fraud and related offenses on November 18, 2020.[2] *Id.* at ¶¶ 3-8. The Complaint further alleged that "JALLAH's false statement… is material, because under 18 U.S.C. § 922(n), a person under indictment for a crime punishable by imprisonment for a term exceeding one year is prohibited from receiving a firearm …." *Id.* at ¶ 12.

Thereafter, on August 18, 2021, Defendant was indicted with one count of violating § 922(a)(6), the penalty for which is set forth in § 924(a)(2). Dkt. 11. Pertinently, the Indictment alleges that:

> On or about July 14, 2021, in the Dallas Division of the Northern District of Texas, the defendant, Ivor Jallah, in connection with the attempted acquisition of a firearm, to wit: a SCCY, model CPX-2, 9mm handgun, bearing serial number C153641, from Ray's Sporting Goods, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Ray's Sporting Goods, which statement was intended and likely to deceive Ray's Sporting Goods, *as to a fact material to the lawfulness of such sale of the said firearm to Ivor Jallah* under chapter 44 of Title 18, in that Ivor Jallah did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, *to the effect that he was not under indictment for a felony* for which he could be imprisoned for more than one year, when in fact as the defendant then knew, *he was under indictment for multiple felonies* which exposed him to imprisonment in excess of one year.
>
> *Id.* (emphasis added).

---

[2] *See United States v. Shannon Turley and Ivor Jallah.*; Case No. 3:20-CR-0576-L.

Defendant has plead not guilty to the charges, and the case is currently set for jury trial on April 18, 2023. Dkt. 14-15, 52.

### III.
### THE INDICTMENT MUST BE DISMISSED FOR
### FAILURE TO STATE AN OFFENSE

Pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Defects in the indictment including failure to state an offense may properly be raised in a motion to dismiss prior to trial. Fed. R. Crim. P. 12(b)(3)(B)(v). The Indictment here charges Defendant Jallah with a single count of violating § 922(a)(6), which requires proof of the following five elements: (1) defendant made a false oral or written statement, (2) defendant knew the statement was false, (3) the statement was made in connection with the acquisition of firearm from a licensed firearm dealer, (4) the statement was intended or likely to deceive a licensed firearm dealer, and (5) the alleged false statement was *material to the lawfulness of the sale* or disposition of the firearm. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 2.43B [False Statement to Firearms Dealer] (2015 ed.) (emphasis added).

The only statement made by Jallah that is alleged to be false is his purported statement that he was not under indictment for a felony, when in fact he knew he was under indictment for multiple felonies. Dkt. 11. According to the Government, this alleged false statement was material to the lawfulness of the sale of a firearm to Jallah because § 922(n) prohibits the acquisition of firearms by someone under indictment for a felony. *See* Dkt. 1, ¶ 12. However, under the Supreme Court's recent decision in *Bruen*, that is simply no longer the law; the United States District Court for the Western District of Texas has held as such in *United States v. Quiroz,* No. PE:22-CR-00104-DC, 2022 WL 4352482 (W.D. Tex., Sept. 19, 2022). Similar to Jallah, the defendant in

*Quiroz* was charged with violating § 922(a)(6) for falsely representing that he was not under indictment; as well as violating § 922(n) for receiving a firearm while under indictment for a felony. *Quiroz,* 2022 WL 4352482 at *1. Following his conviction on both counts, the defendant moved to set aside the verdict and asked the court to reconsider his motion to dismiss in light of the Supreme Court's decision in *Bruen*. *Id.* In ruling on the defendant's motion, the court focused its evaluation on the constitutionality of § 922(n), noting that "if the provision is unconstitutional, then Defendant's false statement during the purchase of the firearm is *immaterial*." *Id.* (emphasis added).

The court began its analysis by recognizing that *Bruen* enumerates the following new standard for determining the constitutionality of a firearm regulation:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Quiroz*, 2022 WL 4352482, at *2 (quoting *Bruen,* 142 S.Ct. at 2129-2130).

Stated otherwise, where the defendant's conduct is covered within the Second Amendment's plain text, the government's regulation must be justified through a historical analysis. *Id.* at *3-4. Guided by this framework, the court first held that the conduct prohibited by § 922(n) "is 'receipt' of a firearm," which is undoubtedly conduct covered under the Second Amendment's plain text. *Id.* The court then conducted a thorough historical analysis of traditional firearm regulations in relation to § 922(n) (*see id.* at *4-12), and concluded that the "historical survey finds little evidence that § 922(n)—which prohibits those under felony indictment from obtaining a firearm—aligns with this Nation's historical tradition." *Id.* at *13. As such, the court held that § 922(n) is unconstitutional on its face, and dismissed the indictment against the defendant in its entirety.

*Quiroz*, 2022 WL 4352482, at \*13; *id.* at n. 119.

Although Defendant Jallah has solely been charged with violating § 922(a)(6), the facial unconstitutionality of § 922(n) means that his alleged statement regarding whether he was under indictment cannot, as a matter of law, be "material to the lawfulness of the sale" of firearms. *See Quiroz*, 2022 WL 4352482, at \*1 ("if [§ 922(n)] is unconstitutional, then Defendant's false statement during the purchase of the firearm is immaterial."). This conclusion is clearly illustrated by the court's decision in *United States v. Holden,* No. 3:22-CR-30 RLM-MGG, 2022 WL 17103509 (N.D. Ind., Oct. 31, 2022) *appeal filed USA v. John Holden* (7th Cir., Dec. 01, 2022). The defendant in that case attempted to purchase a firearm while under indictment for a felony, and completed ATF Form 4473 in which he falsely answered "no" to the question asking if he was under indictment for a felony. *Id.* at \*1. Having decided that § 922(n)'s prohibition on receipt of firearms by an indicted person is unconstitutional under *Bruen*, the *Holden* court held that defendant's statement regarding whether he was under indictment was immaterial to the lawfulness of the sale, and thus insufficient to alleged a crime under § 922(a)(6). *Id.* at \*11-17.

In reaching this decision, the *Holden* court explained that "Section 922(a)(6) doesn't prohibit any false statement in connection with the acquisition of a firearm — it prohibits a false statement intended to or likely to deceive 'with respect to any fact material to the lawfulness of the sale' of a firearm." *Holden,* 2022 WL 17103509, at \*13. As such, the defendant "is only criminally liable under § 922(a)(6) for statements that deceive as to any fact *material to the lawfulness* of a firearm sale, not any false statement whatsoever" since "§ 922(a)(6)'s purpose doesn't allow for prosecution of false statements that don't otherwise meet § 922(a)(6)'s requirements." *Id.* (emphasis added). The court further explained that unlike false statements regarding a fact that could make the sale of a firearm unlawful—such as the identity of the

purchaser, "the question of whether the purchaser is under indictment *could receive no answer affecting the lawfulness* of the sale" because § 922(n), the statute prohibiting sale of firearms to persons under indictment, is unconstitutional. *Id.* at \*15-16 (emphasis added). Therefore, "the indictment doesn't state an offense because [defendant] wasn't prohibited from receiving a firearm under § 922(n), so his statement didn't concern a fact material to the lawfulness of the firearm sale." *Id.* at \*17.

Just as in *Holden*, the present Indictment alleges that Jallah, "in connection with the attempted acquisition of a firearm,…knowingly made a false and fictitious written statement to Ray's Sporting Goods,…in that [he] execute[d] a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that he was not under indictment for a felony …, when in fact as [Jallah] then knew, he was under indictment for multiple felonies…." Dkt. 11. Even assuming that these allegations are true, the Indictment does not state an offense because, under the standard set forth in *Bruen* and applied in *Quiroz*, Jallah was not prohibited by § 922(n) from purchasing a firearm; and thus, his statement did not concern a fact material to the lawfulness of the firearm sale. *Quiroz*, 2022 WL 4352482, at \*13; *see Holden,* 2022 WL 17103509, at \*7 ("Assuming the facts alleged are true, the indictment doesn't state an offense because Mr. Holden wasn't prohibited from receiving a firearm under § 922(n), so his statement didn't concern a fact material to the lawfulness of the firearm sale.").

Accordingly, the Court must dismiss the Indictment against Jallah in its entirety for failing to state an actionable offense.

///

///

///

6

**IV.**
**CONCLUSION**

For the foregoing reasons, Defendant Ivor Jallah respectfully requests that the Court dismiss the Indictment in its entirety under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).[3]

Respectfully submitted,

Dated: January 18, 2023       KHOURI LAW OFFICE, PLLC

By:    */s/ Michael J. Khouri*
         MICHAEL J. KHOURI
         Texas Bar No. 24073809
         8150 N. Central Expressway, 10th Floor
         Dallas, Texas 75206
         Phone: (949) 336-2433
         Facsimile: (949) 387-0044
         Email: mkhouri@khourilaw.com

---

[3] Defendant Jallah further requests that upon dismissal of the Indictment in this case, the Court set bail for Jallah's pretrial release in the health care fraud case entitled *United States v. Shannon Turley and Ivor Jallah.*; Case No. 3:20-CR-0576-L.