IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:21-cr-00380-L-1 |
| | § | |
| IVOR JALLAH | § | |

**DEFENDANT IVOR JALLAH'S SUPPLEMENTAL REPLY**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), defendant IVOR JALLAH ("Defendant" or "Jallah") moves the Court for an Order dismissing the Indictment for failure to state an offense as follows:

## I.
## INTRODUCTION

On February 2, 2023, in *United States v. Rahimi,* No. 21-11001, 2023 WL 1459240, (5th Cir. Feb. 2, 2023)*,* the Fifth Circuit deemed Title 18 § 922(g)(8)[1] of the United States Code to be unconstitutional. In their decision, the court ruled that people accused of domestic violence subject to a protective order still have a Second Amendment right to possess a firearm, even if a court has determined that they are "a credible threat to the physical safety of such intimate partner or child." (§ 922(g)(8)(C)(i)). In the *Rahimi* opinion, the Fifth Circuit concedes that banning people accused of violating domestic restraining orders from possessing firearms "embodies salutary policy goals meant to protect vulnerable people in our society" but ultimately decides that previous frameworks made such consideration irrelevant and that from a historical perspective, the ban was "an outlier that our ancestors would never have accepted." *Id* at 10.

---

[1] Title 18 U.S.C. § 922(g)(8) prohibits the possession of firearms by someone subject to a domestic violence restraining order.

2

Thus, the court refused to restrict the rights of the accused who have not yet been convicted. This same reasoning applies to Defendant.

## II.
## THE RULING IN RAHIMI APPLIES TO THIS INDICTMENT BECAUSE THE UNDERLYING PROHIBITING STATUTE IS EQUALLY UNCONSTITUTIONAL

In *Rahimi,* Texas police obtained a search warrant to search the defendant's home after a string of shootings that spanned from December 2020 to January 2021. After executing the warrant, officers found firearms that Rahimi admitted belonged to him. In addition, Rahimi also admitted to violating a civil protective order for a previous assault on his ex-girlfriend. Amongst other things, the protective order expressly prohibited Rahimi from possessing a firearm. Eventually, Rahimi was indicted for violating § 922(g)(8). After his indictment, Rahimi challenged the charges based on his Second Amendment rights, appealing his way to the Fifth Circuit, which now agrees with Rahimi that § 922(g)(8) is unconstitutional and his conviction should be vacated.

As in *Rahimi*, Defendant's charge stems from a statute[2] prohibiting possessing firearms for any person under felony indictment, § 922(n). The prohibitive language in § 922(n) is almost identical to the statute[3] deemed unconstitutional in *Rahimi*. And although the purpose of § 922(n) adheres to the same laudable policy goals mentioned in *Rahimi*, it cannot be said that these goals would yield any more consideration to result in a different outcome. This is especially apparent knowing Defendant's underlying felony charge (healthcare fraud) does not involve domestic restraining orders, acts of violence, or firearms at all, for that matter.

In bringing *Rahimi* to the Court's attention, Defendant wishes to address the Government's argument that "there is no precedent that binds this Court." (Dkt. 54, p.6, ¶ 3).

---

[2] Title 18 USC § 922(n) states "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to . . .receive any firearm or ammunition[.]"
[3] Title 18 U.S.C. § 922(g)(9) states "It shall be unlawful for any person – to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Defendant concedes although this *exact* argument involving an indictee has yet to be decided, it seems premature to assume that identical restrictions on indictees, especially non-violent offenders like Defendant, will withstand constitutional muster after *Rihami*. The recent opinion explicitly criticizes statutes restricting the rights of the accused by stating, "The covered individual forfeits his Second Amendment right for the duration of the court's order. This is so even when the individual has not been criminally convicted of any offense and when the underlying proceeding is merely civil in nature." *Id.* at 10. Said differently, just because someone is accused of a felony doesn't mean they give up their Second Amendment rights until they are convicted. As Defendant is only *indicted*, it appears that any other considerations, except for prior convictions not applicable to Defendant, must be deemed irrelevant under *Rahami*. Therefore, the statute restricting Defendant from possessing firearms is equally unconstitutional and consequently cannot give rise to an offense under § 922(a)(6).

///

///

///

///

///

///

///

///

///

///

///

///

# III.
# CONCLUSION

Because the restrictions imposed by statute § 922(n) are unconstitutional under the Second Amendment, the Indictment must be dismissed because Defendant's statement regarding whether he was under indictment cannot—as a matter of law—be "a fact *material* to the *lawfulness*" of the sale of a firearm, and cannot give rise to an offense under § 922(a)(6). The arguments made by Defendant's Motion to Dismiss (Dkt. 53) are unaffected and strengthened by the language in *Rahimi* in that Defendant should not be made to forfeit his Second Amendment right for the duration of the court's order. Therefore, the Court must dismiss the Indictment for failing to state an actionable offense. Accordingly, Defendant Ivor Jallah respectfully requests that the Court dismiss the Indictment in its entirety under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

Respectfully submitted,

Dated: February 3, 2023　　　　　　KHOURI LAW OFFICE, PLLC

By: */s/ Michael J. Khouri*
　　MICHAEL J. KHOURI
　　Texas Bar No. 24073809
　　8150 N. Central Expressway, 10th Floor
　　Dallas, Texas 75206
　　Phone: (949) 336-2433
　　Facsimile: (949) 387-0044
　　Email: mkhouri@khourilaw.com